NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN SMITH and LYNN Z. SMITH,

    Plaintiffs,

v.

MB MUTUAL HOLDING COMPANY, *et al.*,

    Defendants.

Civ. No. 18-11297

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Reinstate filed by Plaintiff Brian Smith. (ECF No. 8.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Rule 78.1(b). For the reasons stated herein, the Motion is granted.

## BACKGROUND

This case arises from a foreclosure action during which Plaintiffs Brian Smith and Lynn Z. Smith (collectively, "Plaintiffs"), appearing *pro se*, allege that "Defendants have either defrauded or aided in the defraudment of . . . Plaintiffs" with respect to both ownership of their home and their interest in various cash and assets. (Compl. ¶ 1, ECF No. 1.) Plaintiffs filed a Complaint on July 2, 2018 (*id.*) and an Amended Complaint on July 23, 2018 (ECF No. 3).

On July 23, 2018, Plaintiffs filed a "Notice" to the Honorable Lois H. Goodman, United States Magistrate Judge. (ECF No. 4.) This Notice, among other things, stated that Plaintiffs have separately filed suit against the Honorable Anne E. Thompson, United States District

1

Judge,[1] and asked Judge Goodman to "discuss this with her and/or the Court and, perhaps, [Judge Thompson] can remove herself from handling this matter without [Plaintiffs'] having to file a detailed motion." (*Id.*)

After the Notice was filed, there were no further developments in this matter for more than three months. On November 1, 2018, the Court issued a Letter Order advising Plaintiffs that "if no action is taken within 7 days, the Court will dismiss for failure to prosecute." (ECF No. 5.) Plaintiffs took no action within seven days, and on November 9, 2018, the Court dismissed the case for failure to prosecute. (ECF No. 6.)

On November 15, 2018, Plaintiff Brian Smith submitted a letter to Judge Thompson marked "Personal." (ECF No. 7.) This letter was filed under seal. (*Id.*) Then on November 19, 2018, Plaintiff Brian Smith submitted the present Motion to Reinstate. (Mot. at 3, ECF No. 8.)[2] It states that "[Plaintiffs] did not file a motion [for recusal] and an accompanying complaint against [Judge Thompson] for bias and incapacity—in order to keep this simple and civil." (*Id*. at 2.) The letter also accuses the Court of making erroneous rulings and ignoring Plaintiff Lynn Z. Smith's letters in several bankruptcy appeals cases with which she is also involved. (*Id.*; *see also* Civ. Nos. 18-48; 18-14350; 18-14953; 18-14955 (D.N.J.).) The Motion to Reinstate is presently before the Court.

## **LEGAL STANDARD**

Local Civil Rule 41.1(a) states, "Civil cases . . . which have been pending in the Court for

---

[1] Defendants in that action also include the Supreme Court of New Jersey, three current and former New Jersey Supreme Court justices, the Clerk of the Court for the New Jersey Supreme Court, the "Appellate Court of New Jersey," a federal bankruptcy court and federal bankruptcy judge, the Office of the Attorney General of the State of New Jersey, and four current and former Attorneys General of New Jersey. *Smith v. Rabner*, Civ No. 18-11483 (D.N.J.).

[2] Though Plaintiffs' submission is styled as a letter, the Court interprets it as a motion.

more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court . . . unless good cause is shown . . . ." "Once a case has been dismissed pursuant to L. Civ. R. 41.1, substantial grounds must be shown for its reinstatement . . . ." Allyn Z. Lite, New Jersey Federal Practice Rules 275 (2019 ed.) (citing *Taylor v. N.J. Lottery*, 2009 U.S. Dist. LEXIS 42160 (D.N.J. May 19, 2009); *Nichols v. Braceiner*, 2007 U.S. Dist. LEXIS 6867 (D.N.J. Jan. 30, 2007)). In considering a Motion to Reinstate, some courts have referred to Rule 60(b) of the Federal Rules of Civil Procedure, which allows for relief from a final judgment, order, or proceeding for reasons of "mistake, inadvertence, surprise, . . . excusable neglect, [or] any other reason that justifies relief." *See, e.g.*, *H&R Block Bank v. JBW Holdings, LLC*, 2013 U.S. Dist. LEXIS 132393, at *3 (D.N.J. Sept. 17, 2013); *Dinnerstein v. Burlington Cty. Coll.*, 2015 U.S. Dist. LEXIS 4728, at *2 (D.N.J. Jan. 14, 2015).

## **DISCUSSION**

In this case, Plaintiffs failed to prosecute because they were waiting for the Court to act on the Notice asking that the presiding Judge be recused from the case. (Mot. at 2.) In other words, Plaintiffs expected the Notice to be treated like a motion. Given Plaintiffs' *pro se* status this misunderstanding is excusable.

Plaintiffs failed to respond to the Court's November 1, 2018 Letter Order warning them that the case would be dismissed if no action were taken within seven days. Although Plaintiffs failed to timely respond to the Letter Order, Plaintiffs' *pro se* status requires the Court to take a more forgiving approach to Plaintiffs' missteps.

Plaintiffs also requested that the case be reinstated shortly after the case had been dismissed, so there is little risk of prejudice to Defendants if the case were to be reinstated. The

3

Court will therefore reinstate this case with instructions that any Motion for Recusal be filed promptly.

## **CONCLUSION**

For the foregoing reasons, the Motion to Reinstate is granted. An appropriate order will follow.

Date:   12/13/18                             */s/ Anne E. Thompson*
                                             ANNE E. THOMPSON, U.S.D.J.